IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WANDA G. MIRANDA,

    **Plaintiff**,

        **v.**

DELOITTE LLP, DELOITTE TAX LLP,
DELOITTE & TOUCHE LLP, DELOITTE
SERVICES LLP, FRANCISCO A.
CASTILLO-PENNE, RICARDO VILLATE-
PRIETO, MICHELLE CORRETJER-
CATALAN, JOHN DOE, RICHARD DOE,
ABC, DEF INSURANCE COMPANIES,

    **Defendants.**

**CIVIL NO.** 12-1271 (FAB)

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court is the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") filed by defendants Deloitte LLP, Deloitte Tax LLP, Deloitte & Touche LLP, Deloitte Services LP, Francisco A. Castillo Penne, Ricardo Villate Prieto, and Michelle Corretjer Catalan. (Docket No. 17.)  Having considered the complaint, (Docket No. 1), as well as the arguments contained in plaintiff Wanda G. Miranda ("plaintiff Miranda")'s oppositions, (Docket Nos. 22; 30; & 42), and defendants' replies (Docket Nos. 25 & 32), the Court **GRANTS IN PART** and **DENIES IN PART** defendants' motion to dismiss.

I.   **BACKGROUND**

A.   **Factual History**

The Court takes the following facts as true, as pled in plaintiff Miranda's complaint:

1.   **Plaintiff Miranda's Employment Relationship to Defendants Villate, Corretjer, and Castillo**

Plaintiff Miranda was originally hired by defendant Deloitte & Touche LLP in 1990 as a member of the Tax Staff. (Docket No. 1 at p. 5.)  She resigned from Deloitte & Touche LLP in 1992, but she returned eight years later, accepting the position of Tax Manager in 2000.  Id.  Defendant Castillo was the Tax Managing Partner of the Deloitte office in San Juan, and defendants Villate and Corretjer were the Directors of Deloitte San Juan.  Id. at pp. 12-13.  Defendant Castillo "was plaintiff's supervisor" and "feedback provider," id. at pp. 4 & 8, and defendant Villate "was plaintiff's counselor and supervisor at the time of the events described in th[e] complaint."  Id. at p. 4.  Defendant Villate has been plaintiff Miranda's "counselor and primary feedback provider" since January 24, 2000.  Id. at p. 6.  Both defendants Castillo and Villate rated plaintiff Miranda's work performance as Tax Manager for her yearly employment reviews.  Id. at p. 8.  Appointed as Tax Director in September 2010, defendant Corretjer also became plaintiff Miranda's supervisor at that time.  Id. at p. 4.

The complaint alleges that since the year 2000, defendants Castillo and Villate "had the authority to take

disciplinary actions against [plaintiff] Miranda, including her termination," and also "had the authority to direct [her] daily work activities." (Docket No. 1 at p. 13.) Defendant Corretjer also "had the authority to recommend disciplinary actions against [plaintiff] Miranda" as well as the authority "to direct [her] daily work activities," but only since September 2010. Id.

### 2.   Defendant Castillo's Alleged Behavior

Plaintiff Miranda alleges that defendant Castillo "enjoyed making offensive jokes of sexual content to the female employees of Deloitte San Juan" in the tax department. (Docket No. 1 at p. 9.) His jokes "were of sexual content, offensive and disrespectful to women," and plaintiff Miranda describes them as being "lewd" and related to the drug Viagra. Id. He once told plaintiff Miranda a joke about her touching her husband's "wichu"–a "vulgar word used in Puerto Rico to refer to a male's penis," id. at p. 10, and after plaintiff Miranda told him that she did not like his joke, defendant Castillo "continued making the 'wichu' joke in front of her to other female co-workers." Id. Defendant Castillo also "continually showed [plaintiff] Miranda uninvited offensive jokes of sexual content that he received through his cellular" phone, and "used to quietly approach [her] desk and stare at her." Id. When defendant Castillo stared at plaintiff Miranda and other female employees, he did so "in sexually suggestive manners, such as looking at their breasts. Id. at p. 9.

On October 5, 2010, when plaintiff Miranda received a flu shot at Deloitte, she became distressed by defendant Castillo's behavior.  He allegedly entered the room and asked the male nurse to administer the flu shot to plaintiff Miranda "not in her arm but in her buttocks."  (Docket No. 1 at p. 11.)   To demonstrate how he preferred plaintiff Miranda to receive her flu shot, defendant Castillo allegedly "used offensive body language . . . by separating his legs, bending over and reclining over the back of the chair, lifting his buttocks and making as if he was going to pull down his pants."  Id.  He then remained in the room to watch how the male nurse administered the shot to plaintiff Miranda, and did not leave the room until the male nurse finished. Id.  Plaintiff Miranda felt humiliated and embarrassed by defendant Castillo's conduct, "remained in shock and intimidated" while the male nurse administered her flu shot, and "felt so bad that she had to leave the office" early that day.  Id.

The day after the flu shot incident, plaintiff Miranda called Deloitte's Integrity Help Line to report defendant Castillo's behavior.  (Docket No. 1 at p. 10.)  Following the Help Line's instructions to obtain Deloitte's Harassment Policy from the website, plaintiff Miranda filed, via e-mail, an incident report on sexual harassment against defendant Castillo.  Id. at pp. 11-12. She e-mailed the incident report to "Leslie Berry (D&T San Diego Office) and Alisa A. Brussel (D&T New York Office)," and later that

day received confirmation that her internal complaint had been received and would remain confidential, and that she would be contacted after the prompt examination of the complaint.  Id. at p. 12.  Plaintiff Miranda alleges, however, that she never received any further communication regarding her incident report.  Id. at p. 12.

The following day, on October 7, 2010, defendant Castillo allegedly approached plaintiff Miranda "from behind and pushed his body against her back[,] pushing her toward her computer screen."  (Docket No. 1 at p. 13.)  This caused plaintiff Miranda "to be frightened and intimidated."  Id.  A few weeks after plaintiff Miranda submitted the sexual harassment complaint, defendant Castillo "called [plaintiff] Miranda into his office a[nd] closed the door to demand [an] explanation on why she filed a [s]exual [h]arassment [i]ncident [r]eport against him."  Id. at p. 14.  He told plaintiff Miranda that she "had tainted his record and that next time he would appreciate [if she] talk to him at front and face-to-face before filing any future report."  Id.  He later sent an e-mail to plaintiff Miranda thanking her for "allegedly accepting his apology."  Id.  Plaintiff Miranda states that she "did not accept [defendant] Castillo's apology," but the complaint does not allege that she replied in any form to dispute the contents of defendant Castillo's e-mail.  Id.

On February 15, 2011, defendants Castillo and
Villate, as well as Deloitte's South Regional Tax Partner, met with
plaintiff Miranda to discuss a Performance Improvement Plan
("PIP"), which indicates that an employee "needs to improve his or
her performance." (Docket No. 1 at p. 15.)  The complaint alleges
that defendant Castillo issued the PIP to plaintiff Miranda "in
retaliation for her filing of the sexual incident report against
[defendant] Castillo."  Id.  The PIP allegedly contains the
"concerns" of three corporate clients regarding plaintiff Miranda's
work, id., but plaintiff Miranda contends that the concerns
referenced work she had performed for previous tax years:  2008 and
2009.  Id. at p. 16.  Plaintiff Miranda alleges that Deloitte's
website "establishes that an employee should be given 6 to 9 months
to comply with a PIP."  Id.  Her complaint also states that she
"immediately worked on the plan that was handed to her" by joining
social organizations, enrolling in continuing education courses,
meeting every billing period goals and keeping defendant Villate
informed about them, receiving "excellent" feedback from clients,
giving a tax seminar to the audit partners, and complying with e-
filing requirements.  Id. at pp. 16–17.

In the months after plaintiff Miranda received the
PIP, defendants Villate, Corretjer, and Castillo allegedly "created
a hostile work environment for [her] that severely interfered with
[her] conditions of employment."  (Docket No. 1 at p. 18.)  Prior

to February 15, 2011, defendant Corretjer had allegedly "never sent an e-mail to, or had any type of communication" with, plaintiff Miranda regarding her performance, but after that date defendant Corretjer attempted to intimidate plaintiff Miranda, reprimanded her, and treated her "with hostility."   Id.

Sometime between February and March 2011, defendant Castillo told plaintiff Miranda the following "uninvited joke":

> The handyman went to a house w[h]ere a young boy was present.   The handyman started to work and his screwdriver fell and the young boy told him that that's why his father had two screwdrivers.   The handyman continued to repair another appliance using a hammer. The hammer fell and the boy told him that that's why his father had two hammers.  The handyman continued repairing different appliances throughout the day with different tools and each time a tool fell the young boy replied that that's why his father had two of those tools.   The handyman went to the bathroom and the boy followed him. The handyman grabbed his penis and told the boy, "[D]on't tell me your father has two of this too," to which the boy replied, "[N]o, he only has one but [it's] twice as long as yours.

(Docket No. 1 at pp. 19-20.)   During March and April of 2011, defendant Castillo "continued to show [plaintiff] Miranda uninvited offensive jokes of sexual content that he received through his cellular" phone.   Id. at p. 20.

### 3.   Plaintiff Miranda's Termination

On May 25, 2011, defendant Castillo "verbally terminated [plaintiff] Miranda's employment," and she was escorted out from the Deloitte San Juan office.   (Docket No. 1 at p. 20.) Plaintiff Miranda was 42 years old on the date she was terminated,

and she claims to be the only female manager older than 40 years old in the Deloitte Tax San Juan office at the time she was terminated.  Id. at p. 21.  After her termination, plaintiff Miranda's clients were assigned to two male individuals, who are both younger than she is.  Id. at pp. 21–22.  The two male individuals were both subsequently promoted to Tax Manager, which had been plaintiff Miranda's position.  Id. at p. 22.

   **B.   Procedural Background**

       On April 20, 2012, plaintiff Miranda filed a complaint alleging, *inter alia,* sexual discrimination, harassment, and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e; age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621; and retaliation pursuant to Law No. 115 of December 20, 1991, P.R. Laws Ann. tit. 29, § 194 ("Law 115").  (Docket No. 1.)  Defendants' motion seeks dismissal of plaintiff Miranda's Title VII, ADEA, and Law 115 claims:  (1) Defendants Castillo, Villate, and Corretjer move to dismiss plaintiff's Title VII and ADEA claims against them by alleging that those statutes do not provide an avenue for individual liability; (2) defendants Castillo, Villate, Corretjer, Deloitte, Deloitte & Touche, and Deloitte Services move to dismiss her Title VII and ADEA claims by contending that plaintiff Miranda failed to exhaust the proper administrative remedies to bring those claims; and (3) all moving defendants seek dismissal of plaintiff

Miranda's Law 115 claim because she did not engage in any "protected conduct" pursuant to that statute.  (Docket No. 17 at p. 2.)

Plaintiff Miranda opposed defendants' motion to dismiss on August 31, 2012.  (Docket No. 22.)  First, she claims that defendants Castillo, Villate and Corretjer may be individually liable under ADEA and cites District of Puerto Rico and First Circuit Court of Appeals precedent to argue that her ADEA claims against them should not be dismissed.  Second, plaintiff Miranda contends that she did indeed follow the proper administrative procedures against all named defendants.  In the alternative, she cites to First Circuit Court of Appeals case law and submits a copy of the Narrative of Events, filed as part of her administrative charge before the EEOC, to invoke the "substantial identity" exception to the general rule that a party who is not named in an EEOC administrative charge is not subject to suit under Title VII or the ADEA.  Third, plaintiff Miranda defends her Law 115 claim by arguing that filing the internal complaint at Deloitte "can be considered an attempt to give testimony or information to an administration or judicial forum" sufficient for "protected activity" under the statute.  Id. at p. 9.

Defendants replied to plaintiff Miranda's opposition on September 24, 2012.  (Docket No. 25.)  They claim that despite plaintiff Miranda's contention, there is no individual liability

under ADEA, and they distinguish the District of Puerto Rico and First Circuit Court of Appeals case law cited in plaintiff Miranda's brief.[1] Defendants also argue that plaintiff Miranda failed to exhaust administrative remedies because "[c]ourts have explained that merely referring to an individual by name in the narrative portion of an EEOC charge is insufficient to exhaust administrative remedies."[2] (Docket No. 25 at p. 6.) In support of

---

[1] Plaintiff Miranda subsequently filed a motion to strike defendants' reply memorandum, contending that defendants' discussion of Rivera-Tirado v. Autoridad de Energia Electrica, 663 F. Supp. 2d 36 (D.P.R. 2009) and Chao v. Hotel Oasis, Inc., 493 F.3d 26 (1st Cir. 2007) violates Local Rule 7(c)'s provision that a reply memorandum "shall be strictly confined to replying to new matters raised in the objection or opposing memorandum." (Docket No. 30 at p. 2.) The Court finds plaintiff Miranda's argument to be meritless. Although defendants briefly cite to Rivera-Tirado in their original motion to dismiss, (Docket No. 17 at p. 4), it is plaintiff Miranda's opposition that first discusses the case and introduces additional precedent cited by the Rivera-Tirado court to support the contention that individual liability may be found under ADEA. Defendants are entitled to reply to plaintiff Miranda's arguments regarding that case law, and by engaging in an analysis of the exceptions recognized under Rivera-Tirado and Chao, defendants' reply memorandum fits squarely within the scope and intention of Rule 7(c). Accordingly, the Court **DENIES** plaintiff Miranda's motion to strike, (Docket No. 30).

[2] To support its proposition, defendants cite only to cases from the Eastern District of Virginia, the Eastern District of Tennessee, and the District of Maine. The Court is unpersuaded by those cases and, as discussed below, instead follows First and Third Circuit Court of Appeals precedent to find that (1) plaintiff Miranda appropriately named all defendants in the EEOC administrative charge, and (2) even if she had not done so, she establishes an exception to the general rule that a defendant not named in an EEOC administrative charge may not be sued in federal court.

their argument, defendants submit two documents[3] from the EEOC file
to show that many of the defendants were not referenced in the EEOC
proceeding and thus cannot be sued in federal court.  (Docket
Nos. 32-1 & 37-1.)  Finally, defendants cite First Circuit Court of
Appeals precedent to dispute plaintiff Miranda's proposition that
an internal complaint filing constitutes "protected activity"
pursuant to Act 115.  (Docket No. 25 at p. 2 n.1.).

        On January 23, 2013, plaintiff Miranda submitted an
additional motion in opposition, in which she attaches a copy of
the defendants' answers to interrogatories and a Service and Access
Agreement by and among the various Deloitte defendants.  (Docket
No. 42.)  She includes those documents to support her argument that
defendants constitute a "single-employer" or an "integrated-
employer" and as such the "substantial identity" exception is met
in this case.  Id. at pp. 3-4.

## II.  RULE 12(b)(6) STANDARD

        Rule 12(b)(6) allows the Court to dismiss a complaint when it
fails to state a claim upon which relief can be granted.  When
considering a motion under Rule 12(b)(6), a "court must view the

---

        [3] The first document is a letter dated January 12, 2012 from
plaintiff Miranda's counsel to the EEOC in which counsel requests
a right-to-sue letter "in relation to [plaintiff Miranda's] claims
against Deloitte Tax LLP and Francisco Castillo for age and sex
discrimination, sexual harassment, retaliation and unjust
termination of her job."  (Docket No. 32-1.)  Defendants also
submit a preliminary form that plaintiff Miranda filed with the
EEOC, in which she lists Deloitte Tax LLP as her only employer.
(Docket No. 37-1.)

facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom . . ." R.G. Fin. Corp. v. Vergara-Nuñez, 446 F.3d 178, 182 (1st Cir. 2006). "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 11 (1st Cir. 2011). When faced with a motion to dismiss, "[a] plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." Id. at 12 (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009)). Any "[n]on-conclusory factual allegations [sic] in the complaint[, however,] must . . . be treated as true, even if seemingly incredible." Ocasio-Hernandez, 640 F.3d at 11 (citing Iqbal, 129 S.Ct. at 1951). Where those factual allegations "'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." Ocasio-Hernandez, 640 F.3d at 11 (quoting Iqbal, 129 S.Ct. at 1949). Furthermore, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; 'a well-pleaded complaint may proceed even if . . . a recovery is very remote and unlikely.'" Ocasio-Hernandez, 640 F.3d at 13 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). The relevant inquiry, therefore, "focuses on the reasonableness of the inference of liability that the plaintiff is

asking the court to draw from the facts alleged in the complaint."
Ocasio-Hernandez, 640 F.3d at 13.

Pursuant to Rule 12(b)(6), a court must base its determination
solely on the material submitted as part of the complaint or
central to it.  Fudge v. Penthouse Int'l. Ltd., 840 F.2d 1012, 1015
(1st Cir. 1988).  Generally, "a court may not consider documents
that are outside of the complaint, or not expressly incorporated
therein, unless the motion is converted into one for summary
judgment." Alternative Energy, Inc. v. St. Paul Fire & Marine Ins.
Co., 267 F.3d 30, 33 (1st Cir. 2001).  "When . . . a complaint's
factual allegations are expressly linked to - and admittedly
dependent upon - a document (the authenticity of which is not
challenged), [however,] that document effectively merges into the
pleadings and the trial court can review it in deciding a motion to
dismiss under Rule 12(b)(6)." Beddall v. State St. Bank & Trust
Co., 137 F.3d 12, 17 (1st Cir. 1998) (internal citation omitted).
This is especially true where the plaintiff has "actual notice
. . . and has relied upon these documents in framing the
complaint." Watterson v. Page, 987 F.2d 1, 4 (1st Cir. 1993).

## III. DISCUSSION

### A.   Title VII Claims Against Defendants Castillo, Villate, and Corretjer

Plaintiff Miranda concedes that, "pursuant to the First
Circuit's decision in Fantini v. Salem State College, 557 F.3d 22
(1st Cir. 2009),  co-defendants Castillo, Villate, and Corretjer

Civil No. 11-1271 (FAB)                                                14

may not be held personally liable under Title VII." (Docket No. 22 at p. 3.) The Court agrees. See Fantini, 557 F.3d at 30 ("[T]here is no individual employee liability under Title VII."). Accordingly, the Court **DISMISSES WITH PREJUDICE** plaintiff Miranda's Title VII claims against defendants Castillo, Villate and Corretjer.

## B.   ADEA Claims Against Defendants Castillo, Villate and Corretjer

### 1.   The Parties' Contentions

The complaint also names Castillo, Villate, and Corretjer as defendants in their personal capacities with regard to plaintiff Miranda's ADEA claim. Although the First Circuit Court of Appeals has not squarely addressed the issue of individual liability under the ADEA, the courts of this district have repeatedly held that that liability does not exist. See, e.g., Rivera-Tirado, 663 F. Supp. 2d at 40-41; see also Fantini v. Salem State College, 557 F.3d 22, 28-32 (1st Cir. 2009) (finding no individual liability under Title VII and noting the similarity between relevant statutory language of Title VII and the ADEA).

Plaintiff Miranda turns to Rivera-Tirado and Chao to argue that her case falls under a "narrow exception" that the First Circuit Court of Appeals has carved from the general rule against individual liability under the ADEA. (Docket No. 22 at pp. 3-4; see also Chao, 493 F.3d at 34 ("[The First Circuit Court of Appeals] narrowly determined that the FLSA did not preclude

personal liability for corporate officers with a significant ownership interest who had operational control of significant aspects of the corporation's day to day functions, including compensation of employees, and who personally made decisions to continue operations despite financial adversity during the period of nonpayment.") (internal quotations and citations omitted). Defendants, in contrast, dispute that plaintiff Miranda's complaint contains sufficient facts to meet the requirements of that "narrow exception". (Docket No. 25 at p. 4.)  Plaintiff Miranda responds by citing facts pled in the complaint about the employment positions of defendants Castillo, Villate, and Corretjer, and then comparing those facts to the corporate officers in Rivera-Tirado and Chao. (Docket No. 30 at pp. 2-3.)  She argues that because the complaint alleges that defendants Castillo, Villate, and Corretjer had the authority to recommend disciplinary actions against her, direct her daily work activities, and control her schedule, the complaint survives defendants' motion to dismiss. Id. at p. 4.

      **2.   Analysis**

        At this stage, plaintiff Miranda has pled sufficient facts pursuant to ADEA to establish a claim under the exception for personal liability against defendants Castillo, Villate and Corretjer.  The exception applies to corporate officers and managers who have "the authority to manage certain aspects of the business's operations on a day-to-day basis," but the First Circuit

Court of Appeals interprets the exception narrowly, concerned that "not every corporate employee who exercise[s] supervisory control should be held personally liable." Chao, 493 F.3d at 34 (internal quotation and citation omitted).  To determine whether a corporate employee faces personal liability, the Court weighs several factors:  the individual's degree of control over the corporation's day-to-day operations, financial affairs, and compensation practices, such as hiring and firing employees, requiring employees to attend meetings unpaid, and setting employees' wages and schedules.[4] Id.

Plaintiff Miranda's complaint alleges that she held the position of Tax Manager, and that defendants Castillo, Corretjer, and Villate were her supervisors; defendants Villate and Corretjer were both Directors of Deloitte Tax's San Juan Office, and defendant Castillo was the Tax Managing Partner of Deloitte San Juan.  She pleads that each of the three supervisors had the authority to take disciplinary actions—including terminations—against her, and they also had the power to direct her daily work activities.  Defendant Villate, as "counselor and

_____

[4] The court of appeals also weighed the individual's personal responsibility for making decisions about the conduct of the business that contributes to the violations of the Act, and the individual's ownership interest.  It clarified that a supervisor does not have to be the business's "owner" to activate the narrow exception; managerial control of significant aspects, like "directing employment" practices, however, must be met. Chao, 493 F.3d at 34 n.9.

primary feedback provider," and defendant Castillo, as "secondary feedback provider," evaluated plaintiff Miranda's performance and submitted mid-year evaluations regarding her work for years. Defendant Castillo held a meeting to issue and discuss a performance improvement plan for plaintiff Miranda, and she reported compliance with the PIP to defendant Villate.  Defendant Castillo also allegedly demanded more office presence from plaintiff Miranda during one week in April 2011, and ultimately he terminated plaintiff Miranda's employment.

Taking these factual allegations as true, as it must at this stage, the Court finds adequate factual material to support a reasonable inference that defendants Castillo, Villate, and Corretjer held sufficient control over Deloitte's day-to-day operations, financial affairs, and compensation practices, such as hiring and firing employees, requiring employees to attend meetings unpaid, and setting employees' wages and schedules.  The allegations in the complaint therefore establish a claim under the narrow exception for ADEA personal liability.  At the motion to dismiss stage, the Court need only find a plausible entitlement to relief in order for plaintiff Miranda's ADEA claim to survive dismissal.  After drawing all reasonable inferences in plaintiff Miranda's favor, the Court concludes that the burden has been met. The issue may be revisited, if warranted, at the summary judgment stage.  Accordingly, defendants Castillo, Villate, and Corretjer's

motion to dismiss plaintiff Miranda's ADEA claims against them is
**DENIED.**

### C.   Exhaustion of Administrative Remedies[5]

#### 1.   The Parties' Contentions

Defendants next argue that plaintiff Miranda failed
to exhaust administrative remedies pursuant to Title VII and the
ADEA as to defendants Deloitte LLP, Deloitte & Touche LLP, Deloitte
Services LP, Castillo, Villate, and Corretjer.  (Docket No. 17.)
They argue that plaintiff Miranda was required to file an
administrative charge before the EEOC as a prerequisite to
commencing her federal civil action for employment discrimination;
that a person or party not named in that EEOC administrative charge
is not subject to suit in federal court; that plaintiff Miranda
named only Deloitte Tax LLP in her EEOC administrative charge; and
that because defendants Deloitte LLP, Deloitte & Touche LLP,
Deloitte Services LP, Castillo, Villate, and Corretjer were not
included in plaintiff Miranda's EEOC administrative charge, they
are not properly subject to suit in this case.  (Docket No. 17 at
pp. 4-7.)  Accordingly, they request that plaintiff Miranda's Title

---

[5] Defendants' argument regarding plaintiff Miranda's alleged
failure to exhaust administrative remedies is not properly brought
pursuant to Rule 12(b)(6).  Because it is a challenge to the
Court's jurisdiction over plaintiff Miranda's Title VII and ADEA
claims, it should be brought pursuant to Federal Rule of Civil
Procedure 12(b)(1).

VII and ADEA claims against them be dismissed for failure to exhaust administrative remedies.  <u>Id.</u> at p. 7.

Plaintiff Miranda responds by arguing that she did include all of the co-defendants in the Narrative of Events ("the Narrative") submitted as part of her EEOC filing.  (Docket No. 22 at pp. 4-9.)  She also argues that "the allegations in the complaint against Deloitte Services LLP, Deloitte & Touche LLP, Deloitte Services LP, Castillo, Villate [and] Corretjer are well within the scope for the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination." <u>Id.</u> at p. 5.

Defendants dispute that merely including an individual by name in the Narrative is sufficient to exhaust administrative remedies, and that a party "should have received notice of an administrative charge that could include them and had the opportunity to participate in conciliation efforts before a complainant can bring a Title VII [or an ADEA] suit against [it]." (Docket No. 25 at p. 6.)  In a supplemental motion, the defendants also submit "newly discovered evidence"—a copy of correspondence plaintiff Miranda's counsel sent to the EEOC requesting a right-to-sue letter, and a form filled out by plaintiff Miranda as part of her EEOC filing.  (Docket No. 32.)  They claim that "it would be unfair for Deloitte LLP, Deloitte & Touche LLP, Deloitte Services LP, Castillo, Villate and Corretjer to face a claim for which

Plaintiff failed to adhere to the well-established statutory requirements." (Docket No. 17 at p. 7.)

In response, plaintiff Miranda argues that even if she had failed to name all defendants in the EEOC administrative charge, this case meets the "substantial identity" exception to the general rule that a party who is not named in an EEOC charge is not subject to suit under Title VII or the ADEA. Submitting a copy of defendants' answers to interrogatories and a "Service and Access Agreement," plaintiff Miranda argues that "all the defendants in this case are a single-employer or an integrated-employer with respect to the plaintiff and their other positions with regard to the defendants' motion to dismiss."[6] (Docket No. 42 at pp. 3-4.)

---

[6] Ordinarily, at the motion to dismiss stage, a district court "may not consider documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001). There is, however, "a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to the plaintiff's claim; or for documents sufficiently referred to in the complaint." Alt. Energy, Inc., 267 F.3d at 33 (internal quotations and citation omitted). Plaintiff Miranda's complaint refers to employment discrimination and retaliation charges filed before the EEOC on June 29, 2011. (See Docket No. 1 at pp. 2-3.) The Narrative constitutes part of that administrative charge submitted to the EEOC. (Docket No. 22 at p. 6.) Because the administrative charge is not disputed by the parties, it meets one of the exceptions, and the Court may consider it without converting the motion to dismiss into a motion for summary judgment. See Alt. Energy, Inc., 267 F.3d at 33; Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993). The Court will not, however, consider the interrogatories or Service and Access Agreement at this stage.

    **2.   Analysis**

         Before an employee may bring suit for a Title VII or
ADEA claim in federal court, he or she must first exhaust
administrative remedies by filing an administrative charge with the
EEOC.  42 U.S.C. § 2000e-5(f); 29 C.F.R. §§ 1626.6; Franceschi v.
U.S. Dep't. of Veteran Affairs, 514 F.3d 81, 85 (1st Cir. 2008)
(citing Love v. Pullman Co., 404 U.S. 522, 523 (1972)).  "[F]ailure
to exhaust th[e] administrative process bars the courthouse door."
Velazquez-Ortiz v. Vilsack, 657 F.3d 64, 71 (1st Cir. 2011)
(internal quotations omitted).  The administrative exhaustion
requirement "initiate[s] EEOC investigation" and provides an
opportunity for early resolution of an employee's claim.  Powers v.
Grinnell Corp., 915 F.3d 34, 38-39 (1st Cir. 1990); Velazquez-
Ortiz, 657 F.3d at 71.  Given the equitable nature of the doctrine
of exhaustion of administrative remedies, it "must be applied in
view of the statutes applicable in each case, and of the doctrine's
underlying purpose."  Gonzalez v. Ritz Carlton Hotel Co. of P.R.,
241 F. Supp. 2d 142, 145 (D.P.R. 2003).

         In general, a party who is not named in an EEOC
administrative charge is not subject to suit under Title VII or
ADEA.  See 42 U.S.C. § 2000e-5(f); 29 C.F.R. §§ 1626.8(b) and
1626.6; McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 504 (1st
Cir. 1996); Gonzalez v. Ritz Carlton Hotel Co. of P.R., 241 F.
Supp. 2d 142, 145 (D.P.R. 2003).  An exception exists, however,

when there is a "substantial identity" between a party named in the EEOC charges and a defendant in the civil action.  McKinnon, 83 F.3d at 505.  The First Circuit Court of Appeals has cited a Third Circuit case for the proposition that "in determining if a plaintiff may proceed against parties not named before EEOC, the court should consider whether the plaintiff could ascertain the role of the unnamed party at the time of the EEOC filing; whether the interests of an unnamed party are similar to interests of the named party; the prejudice to the unnamed party; and whether the unnamed party has represented to the plaintiff that its relationship with the plaintiff is through the named party."  Id. (citing Glus v. G.C. Murphy Co., 562 F.2d 880, 888 (3d Cir. 1977)).

Plaintiff Miranda disputes that defendants were not named in the EEOC administrative charge: "[T]he events mentioned in the discrimination charge involved all of the codefendants." (Docket No. 30 at p. 5.)  The Court agrees.  The Narrative filed in the EEOC administrative charge lists as plaintiff Miranda's employer:  "Deloitte & Touche, LLP; Deloitte Tax, LLP; Deloitte Consulting, LLP; Deloitte Services, LP; Deloitte, LLP; Deloitte Financial Advisory Services, LLP; Deloitte Touche Tohmatsu; Deloitte Global Services Limited; Deloitte Global Services Holdings Limited; and Deloitte Touche Tohmatsu Limited."  (Docket No. 22-2 at p. 1.)  It also explicitly names defendants Castillo, Villate, and Corretjer:  it states that Francisco Castillo, Partner in

Charge of Deloitte LLP "ended [plaintiff Miranda's] employment as a reprisal for having filled out a sexual harassment report against him," id.; that Ricardo Villate, Tax Director for Deloitte LLP, and Michelle Corretjer, also Tax Director for Deloitte Tax LLP, dismissed plaintiff Miranda without discussing her evaluations; and that plaintiff Miranda "was dismissed from [her] job at Deloitte as a reprisal for presenting the report of the sexual harassment incident against Mr. Catillo . . . . [Mr.] Castillo and [Mr.] Villate and Ms. Corretjer submitted [plaintiff Miranda] to a hostile environment and acted in reprisal against [her] for the same reason." Id. at p. 3.

        Defendants would have this Court believe that they are immune from suit simply because certain forms of plaintiff Miranda's EEOC charge did not contain all of their names, even though the Narrative did. The Court is unpersuaded by that argument. Simply because all of the defendants were not listed on certain preliminary forms does not lead to the conclusion that the administrative charge was entirely devoid of their names. Indeed, in this case plaintiff Miranda named all of the defendants in her Narrative. Filed as part of the administrative charge, the Narrative is a written factual statement that should have alerted the employer and all parties named in it of the pending proceedings and investigation. See Thornton v. United Parcel Serv., Inc., 587 F.3d 27, 32 (1st Cir. 2009); Gonzalez, 241 F. Supp. 2d at 1.

Accordingly, the Court finds that plaintiff Miranda properly exhausted her administrative remedies prior to filing suit in this federal forum.

Even if the Court were to accept defendants' argument that they were not named in the EEOC charge, the Court also agrees with plaintiff Miranda that at this stage her complaint pleads sufficient facts to invoke the "substantial identity" exception.  She contends that "it is impossible that the corporate defendants did not receive notice of the EEOC proceedings since, as alleged in the complaint, they are integrated entities or a single employer as to [plaintiff] Miranda." (Docket No. 30 at p. 4.)[7]  In her complaint, plaintiff Miranda states that she was originally hired by Deloitte & Touche LLP, and that Deloitte Tax LLP eventually became her employer "by virtue of a reorganization by

_____

[7] Plaintiff Miranda also argues that the claims set forth in her complaint fall within the scope of, and can reasonably be expected to grow from, the EEOC investigation, because they reflect the allegations contained in the Narrative she submitted as part of the administrative charge. (See Docket No. 22 at pp. 4-9.)  That contention stems from the First Circuit Court of Appeals' reasoning that "the scope of the civil complaint is limited by the charge filed with the EEOC and the investigation which can reasonably be expected to grow out of that charge," Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996)(internal quotations omitted), and that "[t]he language used in the complaint need not 'presage with literary exactitude the judicial pleadings which may follow.'" Velazquez-Ortiz v. Vilsack, 657 F.3d 64, 71 (1st Cir. 2011) (internal quotations and citations omitted).  As discussed above, however, the Court finds more pertinent plaintiff Miranda's argument that pursuant to the Glus factors, a "substantial identity" exists between the companies and people listed in the EEOC administrative charge and the defendants in this federal case.

which [her] employment agreement with Deloitte & Touche LLP was
assigned to Deloitte Tax LLP." (Docket No. 1 at p. 5.) She also
alleges that "Deloitte LLP is the holding company of Deloitte &
Touche LLP, Deloitte Tax LLP, Deloitte Services LLP, and other
entities (collectively referred to herein as Deloitte)"; that
"Deloitte & Touche LLP and Deloitte Tax LLP had the same fiscal
year"; and that Deloitte Services LLP provides the administration
and related services, such as the Human Resource Departments, of
all Deloitte LLP's entities, including Deloitte & Touche LLP and
Deloitte Tax LLP among other entities." Id.

          Taking plaintiff Miranda's allegations as true and
drawing all reasonable inferences in her favor, it cannot seriously
be argued that, pursuant to Glus, the interests of the defendants
are not similar or that the defendants suffered some sort of
prejudice after plaintiff Miranda's EEOC administrative filing.
The Deloitte defendants, through the alleged reorganization,
holding agreement, and sharing of administrative services, are so
closely related "that notice to one will reach the other and no
prejudice will result from naming one party but not the other."
See Nieves v. Popular, Inc., 2013 U.S. Dist. LEXIS 13523 (D.P.R.
2013); see also Sedlacek v. Hach, 752 F.2d 333 (8th Cir. 1985)
(upholding a district court's finding of "substantial identity"
between companies that "shared employees, management, equipment,
location, and employee benefit programs, and were both almost

entirely owned by defendants"); <u>Stevenson v. International Paper</u>
<u>Co.</u>, 432 F. Supp. 390, 395, 397-98 (W.D. La. 1977) (finding the
"substantial identity" exception when parties are "engaged in close
legal relationship"); <u>EEOC v. Upjohn Corp.</u>, 445 F. Supp. 635, 638
(N.D. Ga. 1977) (noting the "substantial identity" exception when
corporate parties are so closely related in their activities and
management as to constitute an integrated enterprise).  Similarly,
substantial identity exists between plaintiff Miranda's Deloitte
employer and defendants Castillo, Villate, and Corretjer.
Defendant Castillo, as the Tax Managing Partner of Deloitte San
Juan, and defendants Villate and Corretjer, as Directors of
Deloitte San Juan, reported to and acted on behalf of Deloitte Tax
LLP in its employment relationship with plaintiff Miranda.  <u>See</u>
<u>Greenwood v. Ross</u>, 778 F.2d 448, 451 (8th Cir. 1985).  Moreover, as
discussed above, the Court finds adequate factual material to
support a reasonable inference that defendants Castillo, Villate,
and Corretjer held sufficient control over Deloitte's day-to-day
operations, financial affairs, and compensation practices, such as
hiring and firing employees, requiring employees to attend meetings
unpaid, and setting employees' wages and schedules.  Even if not
all defendants were named in plaintiff Miranda's EEOC
administrative charge, therefore, they meet the "substantial
identity" exception sufficient to allow plaintiff Miranda's
complaint to proceed against them in federal court.  Accordingly,

the Court **DENIES** defendants' motion to dismiss plaintiff Miranda's

Title VII and ADEA claims for failure to exhaust administrative

remedies.

D.     **"Protected Conduct" Pursuant to Law 115**

Defendants finally contend that plaintiff Miranda failed

to establish a Law 115 claim[8] plausibly because the complaint does

not state "that plaintiff engaged in a protected activity by

offering or attempting to offer any testimony, expression or

information before a <u>legislative</u>, <u>administrative</u> or <u>judicial</u> forum

in Puerto Rico, as specifically required by [Law] 115 . . . ."

(Docket No. 17 at p. 8.)   Plaintiff Miranda responds only that "she

expected not to be retaliated against for filing the internal

complaint[, which] can be considered an attempt to give testimony

or information to an administrative or judicial forum.   However, we

could not find a case on point."   (Docket No. 22 at p. 9.)

In order to establish a *prima facie* case under Law 115,

a plaintiff-employee must establish that he or she "(a)

participated in an activity protected by §§ 194 *et seq.* and (b) was

subsequently discharged." <u>Lupu v. Wyndham El Conquistador Resort</u>

<u>and Golden Door Spa</u>, 524 F.3d 312, 313 (1st Cir. 2008) (internal

quotations omitted); <u>Uphoff Figueroa v. Alejandro</u>, 597 F.3d 423

---

[8] Law 115, Puerto Rico's Whistle Blower Act, provides in
pertinent part, "No employer may . . . discriminate against an
employee . . . should the employee offer . . . any testimony,
expression or information before . . . [an] administrative . . .
forum in Puerto Rico."   P.R. Laws Ann. tit 29, § 194a.

(1st Cir. 2010).  The Court finds that plaintiff Miranda has not
asserted any fact that demonstrates that she participated in an
activity protected by Law 115, because she did not "offer or
attempt to offer, verbally or in writing, any testimony, expression
or information before a legislative, administrative, or judicial
forum in Puerto Rico."  See P.R. Laws Ann. tit 29, § 194a.  While
filing a charge with the EEOC constitutes a protected activity,
plaintiff Miranda's administrative charge was filed after
defendants' alleged retaliatory act of dismissing her, and
therefore could not constitute the necessary protected conduct
under Law 115.  See Santos v. Maldonado, 814 F. Supp. 2d 73, 91
(D.P.R. 2011).  Plaintiff Miranda's e-mail communication of an
incident report to Leslie Berry of the "D&T San Diego Office" and
Alisa A. Brussel of the "D&T New York Office" does not qualify as
protected activity pursuant to Law 115.  See Lupu, 524 F.3d
at 313-314 (holding that plaintiff's conversation with a supervisor
at an internal meeting and written complaints left on the
supervisor's desk did not qualify as protected activities because
he "never offered or attempted to offer any information to the
Puerto Rico governmental authorities listed in the statute; nor had
he threatened to go to such authorities"); see also Rivera-Garcia,
841 F. Supp. 2d 538 (D.P.R. 2012) (finding that plaintiff's filing
of a formal sexual harassment complaint against a supervisor
through the employer's ethics helpline did not constitute

"protected activity" pursuant to Law 115); <u>Santos</u>, 814 F. Supp. 2d at 91 ("[C]omplaints to [plaintiff's] supervisors and to [plaintiff's employer's] engineer and administrator do not qualify as protected activities under Law 115."). Because plaintiff Miranda did not participate in protected conduct prior to her dismissal, the Court finds that she has failed to state a plausible claim for relief under Law 115. Accordingly, the Court **DISMISSES WITH PREJUDICE** plaintiff Miranda's Law 115 claim against defendants.

## IV.  CONCLUSION

Defendants' motion to dismiss, Docket No. 17, is **GRANTED IN PART** and **DENIED IN PART**. The Court **DISMISSES WITH PREJUDICE** plaintiff Miranda's Title VII claims against defendants Castillo, Villate and Corretjer, **DENIES** the other defendants' motion to dismiss plaintiff Miranda's Title VII and ADEA claims for failure to exhaust administrative remedies, and **DISMISSES WITH PREJUDICE** plaintiff Miranda's Law 115 claim against all defendants. It also **DENIES** plaintiff Miranda's motion to strike, (Docket No. 30).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, February 8, 2013.

<u>s/ FRANCISCO A. BESOSA</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE