IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WANDA G. MIRANDA,<br><br>**Plaintiff**,<br><br>v.<br><br>DELOITTE LLP, DELOITTE TAX LLP, DELOITTE & TOUCHE LLP, DELOITTE SERVICES LLP, FRANCISCO A. CASTILLO-PENNE, RICARDO VILLATE-PRIETO, MICHELLE CORRETJER-CATALAN, JOHN DOE, RICHARD DOE, ABC, DEF INSURANCE COMPANIES,<br><br>**Defendants**. | CIVIL NO. 12-1271 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court are:

1. Plaintiff Wanda G. Miranda ("Miranda")'s motion for reconsideration of the Court's Order at Docket 118, (Docket 151); the motion in opposition filed by defendant Deloitte Tax LLP, (Docket 175); plaintiff Miranda's reply, (Docket 181); and defendant's motion to strike plaintiff's reply, (Docket 183);

2. the motion for leave to announce an expert witness filed by all defendants, (Docket 146); plaintiff Miranda's opposition, (Docket 147); and the briefs in compliance with the Court's July 23, 2013 Order filed by defendants and plaintiff Miranda, (Dockets 165 and 167, respectively); and

3. plaintiff's motion to deem her requests for admission admitted, (Docket 184); and defendants' opposition, (Docket 185).

Civil No. 12-1271 (FAB)                                                                 2

Having considered all documents referenced above, the Court **DENIES IN PART AND GRANTS IN PART** plaintiff's motion for reconsideration, (Docket 151); **DENIES** defendants' motion to strike plaintiff's reply, (Docket 183); **DENIES** defendants' motion to announce an expert witness, (Docket 146); and **DENIES** plaintiff's motion to deem admitted all matters included in her requests for admissions, (Docket 184).

**I.  MOTION FOR RECONSIDERATION**

On February 28, 2013, plaintiff Miranda served defendant Deloitte Tax, LLP with a second production request, which defendant Deloitte Tax answered on April 6, 2013. (Docket 79 at 1.) In good faith, pursuant to Local Rule 26, the parties conferred to discuss plaintiff's objections to the defendant's answers. They were unable to resolve their issues, however, and plaintiff subsequently submitted a motion to compel with six requests. (Docket 79.) On July 8, 2013, the Court entered an order denying the motion to compel and sanctioning plaintiff $500. (Docket 118.) Plaintiff has filed a motion for reconsideration of the Court's order. (Docket 151.)

Civil No. 12-1271 (FAB)                                                3
_____

    Defendant Deloitte Tax LLP argues that plaintiff's motion for reconsideration is brought pursuant to Fed. R. Civ. P. 59(e).[1] "Generally, Rule 59(e)'s legal standards will be applied to motions for reconsideration of interlocutory orders." Sanchez-Medina v. Unicco Serv. Co., 265 F.R.D. 29, 32 (D.P.R. 2010) (Arenas, J.) (internal quotations and citations omitted).  The First Circuit Court of Appeals has held, however, that "Rule 59(e) does not apply to motions for reconsideration of interlocutory orders **from which no immediate appeal may be taken**." Nieves-Luciano v. Hernandez-Torres, 397 F.3d 1, 4 (1st Cir. 2005) (emphasis added). "A discovery order is[] . . . an interlocutory order in the course of proceedings [that] is not appealable." 8 The Late Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2006 (3d ed. 2010).  Accordingly, plaintiff's motion cannot be evaluated under Rule 59(e)'s standard.  Instead, "the decision as to whether or not to reconsider [the Court's previous order regarding discovery] . . . falls squarely within the plenary power of the court that issued the initial ruling, this Court."

---

[1] Pursuant to Rule 59(e), a party moving for reconsideration of a court order "must either clearly establish a manifest error of law or must present newly discovered evidence" in order to prevail. Markel Am. Ins. Co. v. Diaz-Santiago, 674 F.3d 21, 32 (1st Cir. 2012) (internal quotations and citation omitted); see also Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (recognizing that the four reasons for granting a Rule 59(e) motion are: "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law") (internal citation omitted).

Civil No. 12-1271 (FAB)                                                    4

Portugues-Santa v. B. Fernandez Hermanos, Inc., 614 F. Supp. 2d 221, 226 (D.P.R. 2009) (Besosa, J.) (citing Campos v. P.R. Sun Oil Co., 536 F.2d 970, 972 n.6 (1st Cir. 1976)).  That inherent power is not governed by rule or statute and takes root in the court's equitable power to "process litigation to a just and equitable conclusion."  In Re Villa Marina Yacht Harbor, Inc., 984 F.2d 546, 548 (1st Cir. 1993).  Ordinarily, "when reconsideration of an earlier ruling is requested, the district court should place great emphasis upon the 'interests of justice.'"  United States v. Roberts, 978 F.2d 17, 21 (1st Cir. 1992).[2]

### A.  Plaintiff's Duplicative Discovery Requests

Throughout the discovery phase, the defendants have consistently argued that plaintiff's discovery requests are repetitive.  The Court has already agreed and has sanctioned plaintiff $600 for "continuing to insist that the discovery be answered when [it] already has been," (Docket 80 at 2), in addition to the $500 in sanctions that plaintiff moves to reconsider today for "insisting on the[] production [of five requests] even though they have been previously produced," (Docket 118 at 1).  Once again, the Court finds many of plaintiff's requests for

---

[2] Similarly, pursuant to Fed. R. Civ. P. 54(b), a district court enjoys the power to afford relief from interlocutory orders "as justice requires." Greene v. Union Mut. Life Ins. Co. of Am., 764 F.2d 19, 22 (1st Cir. 1985) (citations omitted).

Civil No. 12-1271 (FAB)                                                    5

reconsideration to be duplicative and **DENIES** her motion with regard to those requests:

First, "request no. 1" advances the same factual arguments regarding plaintiff's reasons for desiring the April 21, 2011 time reports of Deloitte Tax LLP's upper managers as her arguments contained in the original motion to compel. (See Docket Nos. 79 & 151.)  From plaintiff's submission, the Court can glean no additional reason why its initial decision should be changed. Plaintiff's motion to reconsider as to request no. 1, therefore, is **DENIED**.

Second, plaintiff's arguments regarding "requests no. 5, 6, and 8" also merely echo the same contentions from her motion to compel. (See Dockets 79, 151, & 181.)  Defendant Deloitte Tax LLP has explained to plaintiff that it believes the documents produced in response to requests no. 11, 12 and 13 of plaintiff's first request for production of documents "[are] also responsive to Request for Production of Documents Nos. 5, 6, and 8." (Docket 98-1 at 2.)  After consulting the wording of those discovery requests, the Court agrees that the documents sought in plaintiff's "requests no. 5, 6, and 8" of the motion to compel do fall within the more generalized "requests no. 11, 12, and 13" from her requests for production of documents.  (See Docket 181 at 4-5.)  Thus, the documents produced in response to requests no. 11, 12, and 13 are the responsive documents to plaintiff's requests no. 5, 6, and 8.

Civil No. 12-1271 (FAB)                                                          6
_____

Defendant Deloitte Tax LLP guarantees that it has turned over all documentation in its possession that are responsive to plaintiff's requests.  (Docket 98-1 at 2) ("[A]s has been repeatedly indicated by counsel . . . the documentation already provided is the documentation that we have available.").  The Court takes this time to remind defendants of their continuing duty to supplement their responses to plaintiff's discovery requests.  Fed. R. Civ. P. 26(e).  In light of that rule, plaintiff may rest assured that defendants have a continuing duty to produce (1) any communication between Mrs. Maria Vilorio and Mr. Francisco Castillo from January 1, 2010 through May 25, 2011 regarding plaintiff's performance or lack of performance; (2) any response by Mr. Francisco Castillo to the email sent by Maria Vilorio to Mr. Francisco Castillo on October 5, 2010; and (3) any communication between Tere Pascual and Maria Vilorio from January 1, 2010 and May 25, 2011 regarding plaintiff's performance or lack of performance.  Fed. R. Civ. P. 26(e).  A defendant's failure to disclose or supplement its responses to discovery requests will result in sanctions against it.  See Fed. R. Civ. P. 37(c).  Accordingly, the Court **DENIES** plaintiff's motion as to requests no. 5, 6 and 8.

Third, in her "request no. 10," plaintiff seeks "the policies or Administrative Policy Releases ('APRs')" applicable to 2009, 2010, and 2011 which contain Deloitte's guidelines or

Civil No. 12-1271 (FAB)                                                       7

policies for preparation and submission of billings.  Defendant Deloitte Tax LLP claims that the request is "vague and unintelligible," but nonetheless directs plaintiff to a previously produced document bates-stamped 2342-2344, which it claims pertains to "the matter of billings."  (Docket 98 at 10.)  In her motion for reconsideration, plaintiff again demands the APRs and states that the documents bate-stamped 2342-2344 do not constitute APRs.  Like plaintiff, the Court finds plaintiff's request for the production of "APRs pertaining to fiscal years 2009, 2010 and 2011" to be clearly drafted.  By producing the mere documents bates-stamped 2342-2344 in response to that request, however, defendant Deloitte Tax LLP has represented both to her and to the Court that those documents are the only responsive documents in their possession.[3]  As a result of defendant's representation, the Court stands by its previous finding that the information plaintiff requests has been previously produced.  Accordingly, plaintiff's motion reconsider request no. 10 is **DENIED**.

    **B.   Reconsideration of Plaintiff's Requests No. 3 and 14**

Plaintiff seeks various individuals' mid-year and year-end performance evaluations for 2009, 2010 and 2011 in her "request no. 3."  Defendant Deloitte Tax LLP objected to the request as overbroad and irrelevant, and the Court initially denied the

---

[3] The Court reiterates that pursuant to Fed. R. Civ. P. 26(e) and 37 (c), the defendant retains a continuing duty to supplement all documents responsive to plaintiff's request.

Civil No. 12-1271 (FAB)                                                8
_____

request for failure to establish the reports' relevance.  (Docket 118 at 1.)  Plaintiff's motion for reconsideration, however, offers sufficient support for the Court to conclude now that the requested evaluations pertain to employees who are or were similarly situated to plaintiff.  Plaintiff represents that the testimony of Maria Vilorio demonstrates that those employees were the managers and senior managers at Deloitte Tax LLP who "did, on a daily basis, the same type of work as Mrs. Miranda did[,] they were evaluated under the same procedures[,] and us[ed] the same forms and ratings."  (Docket 151 at 4.)  Taken together, that the employees worked at the same time as plaintiff; that they held similar positions to plaintiff; and that they were subjected to the same review procedures as plaintiff, all substantiate plaintiff's contention that they are sufficiently similarly situated for the purpose of finding their evaluations relevant[4] to plaintiff's employment discrimination and retaliation claims.  Accordingly, plaintiff's motion for reconsideration as to request no. 3 is **GRANTED** and the sanction for that request is **VACATED**.  Defendant Deloitte Tax LLP is **ORDERED** to produce all documents responsive to plaintiff's request no. 3.

Plaintiff's "request no. 14" is for Deloitte Tax LLP's Code of Ethics and Professional Conduct for fiscal years 2009,

_____

[4] Information need only "appear[] reasonably calculated to lead to the discovery of admissible evidence" to be relevant for discovery purposes.  Fed. R. Civ. P. 26(b)(1).

2010, and 2011. Defendant's response referenced previously submitted documents bates-stamped 2409-2433 as the only responsive documents to that request. (Docket 98 at 10-11.) Plaintiff's motion to compel argued, however, that defendant's response was incomplete due to an outstanding APR 205 issued on February 2010 that "was not produced." (Docket 79 at 8.) In its opposition, defendant Deloitte Tax LLP directly responded to plaintiff's concern by referencing three versions of APR 205 Code of Ethics and Professional Conduct, and by explaining that "the document produced at bates numbers 2411-2412 is APR 205 issued on February 2010, which was what plaintiff sought through her objections." (Docket 98 at 11.) In her motion for reconsideration, plaintiff continues to claim that defendants "have a link to obtain the APR 205 issued on February 2010 . . . but the document was not produced." (Docket 151 at 7.) Upon review of the record before it, the Court finds that defendant Deloitte Tax LLP has fully complied with plaintiff's request no. 14. Not only did it submit a copy of the Code of Ethics and Professional Conduct for Deloitte Tax LLP, (bates-stamp 2415), but it also produced the APR 205 issued on February 2010, (bates-stamp 2411), which is the sole document upon which plaintiff's objection was grounded. Moreover, the defendant has explained that a document plaintiff now seeks — a document that was referenced in APR 205 and titled "Code of Ethics and Professional Conduct for Deloitte Tax LLP" — "**was already produced** to plaintiff

Civil No. 12-1271 (FAB)                                                      10

at bates numbers 2415-2433." (Dockets 175 at 8-10; 98 at 11; 153-2 at 1-2.) Defendant also explains that plaintiff is mistaken in believing that the Code of Ethics document was revised in February 2010 and that a separate document exists but has not yet been produced:

> APR 205 and the Code of Ethics are two separate documents. The fact that APR 205 refers to a document does not mean that said document was also revised on that same date. As such, the fact that the Code of Ethics is referenced to in APR 205 does not mean that they were both revised at that time. Here, APR 205 dated February 2010 simply refers to a Code of Ethics, which, in turn, indicates that it was revised on May 2008.

(Docket 175 at 9.) As stated above, defendant Deloitte Tax LLP makes such representations subject to Fed. R. Civ. P. 26(e) and 37. The Court understands why confusion might have arisen that another outstanding document possibly existed, however, given that the two separate documents share the same title — "Code of Ethics and Professional Conduct" — and one indicates a revision date of February 2010. (See Dockets 153-1 and 153-2.) Accordingly, the Court **GRANTS** plaintiff's motion as to request no. 14 and **VACATES** the corresponding sanction.

## II.  REQUEST FOR EXPERT WITNESS

On June 19, 2013, the Court granted defendants' motion to compel plaintiff's complete tax returns for 2007 through 2011. (Docket 80.) Upon reviewing the documents which plaintiff eventually — albeit belatedly — produced, the defendants claim to have "c[o]me across evidence, not previously known to them, that

Civil No. 12-1271 (FAB)                                                      11

suggests that plaintiff reported false information to the Puerto Rico tax authorities." (Docket 146 at 1.) Defendants claim that "[p]laintiff's conduct, beyond constituting perjury, was in violation of defendants' Code of Ethics and Professional Conduct and against established guidelines regulating Certified Public Accountant ("CPA") professionals." Id. at 1–2. Alleging that "[h]ad this information been available to defendants at the time of the events alleged in the Complaint, it would have been sufficient grounds to justify plaintiff's termination," the defendants amended their complaint to invoke an "after-acquired evidence" defense.[5] Id. at 2; Docket 119.

At plaintiff's second deposition, she allegedly testified "that she completed her tax returns in accordance with her 'understanding' of the Puerto Rico Tax Code and her experience as a tax professional." (Docket 146 at 2.) With the intention of proving "that plaintiff's 'understanding' of the Puerto Rico Tax Code is grossly inadequate and that her conduct was dishonest and

---

[5] The defendants amended their answer by adding the following affirmative defense:

> Subsequent to Plaintiff's termination, Defendants acquired evidence of dishonest misconduct on the part of Plaintiff which would have justified her termination under Defendants' Code of Ethics and Professional Conduct. Accordingly, in the event Plaintiff prevails in her claims, she is not entitled to reinstatement or other equitable relief, and the calculation of damages should be limited as appropriate.

(Docket 119 at 22.)

Civil No. 12-1271 (FAB)                                                    12

in violation of established professional standards," defendants move for leave to announce an expert witness who is specialized in the field of tax law, tax return procedures and accepted standards of the CPA profession. (Docket 146.) Plaintiff opposed defendants' motion, arguing that the defendants fail to establish (1) plaintiff's alleged dishonest conduct; (2) the relevance of her personal income tax returns; and (3) any employment policy that supports the conclusion that an employee like plaintiff Miranda could have been terminated for issues related to the filing of an individual tax return. (Docket 147; 167.)

The Supreme Court has held that after-acquired evidence of an employee's wrongdoing is not relevant for the purposes of employer liability. McKennon v. Nashville Banner Publishing Co., 513 U.S. 352, 362–63 (1995) (finding that when an employee's misconduct "was not discovered until after she had been fired[,] . . . [the employer] could not have been motivated by knowledge it did not have and it cannot now claim that the employee was fired for the nondiscriminatory reason"). After-acquired evidence may be considered, however, when ascertaining a proper remedy. Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92, 101 (1st Cir. 1997) ("[A]fter-acquired evidence is normally admissible only as to remedy, and not on liability."). Accordingly, any after-acquired evidence defendants seek to admit in this case would be limited to

Civil No. 12-1271 (FAB)                                                  13

the purpose of calculating the remedy to plaintiff — it is inadmissible as evidence regarding employer liability.

In order to rely upon the after-acquired evidence doctrine, an employer "must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." McKennon, 513 U.S. at 362-63.  A court must look to "the employer's actual employment practices and not merely the standards articulated in its manuals" when evaluating whether the employee in fact would have suffered the adverse employment action. Sellers v. Mineta, 358 F.3d 1058, 1064 (8th Cir. 2004).  Because "employers often say they will discharge employees for certain misconduct while in practice they do not," Palmquist v. Shinseki, 729 F. Supp. 2d 425, 429-30 (D. Me. 2010) (internal citation omitted), an employer must establish by a preponderance of the evidence "not only that it *could* have fired an employee for the later-discovered misconduct, but that it *would* in fact have done so."  O'Day v. McDonnell Douglas Helicopter Co., 79 F.3d 756, 759 (9th Cir. 1996) (emphasis in original); Id. at 762 ("This does not mean that employers can prevail based only on bald assertions that an employee would have been discharged for the later-discovered misconduct."); see also Adams v. City of Gretna, 2009 U.S. Dist. LEXIS 79014 at *21 (E.D. La. Sept. 2, 2009) ("An employer must demonstrate, by a preponderance of the evidence, that its actual

Civil No. 12-1271 (FAB)                                                14

employment practices would have led to the employee's termination, not simply that the employee's conduct was in contravention of the employer's stated policies.").

The issues of whether plaintiff Miranda engaged in misconduct and whether the conduct was so severe that defendants would have terminated plaintiff are questions of fact to be resolved by the jury.  See Palmquist, 729 F. Supp. 2d at 430 (citing Davidson v. Mac Equip., Inc., 1995 U.S. Dist. LEXIS 4711, *8 (D. Kan. Mar. 6, 1995) (questions of fact remain regarding whether the plaintiff actually engaged in misconduct); Roalson v. Wal-Mart Stores, 10 F. Supp. 2d 1234, 1236 (D. Kan. 1998) (questions of fact remain regarding whether alleged behavior was serious enough to preclude plaintiff's hire); Wehr v. Ryan's Family Steak Houses, 1996 U.S. App. LEXIS 26766, *8-9 (6th Cir. 1996) (stating whether employer satisfied its burden under McKennon is a question of fact); Femidaramola v. Lextron Corp., 2006 U.S. Dist. LEXIS 67047, *21-22 (S.D. Miss. Sept. 18, 2006) (stating that the after-acquired evidence doctrine involves question of fact)).  Nonetheless, defendant Deloitte Tax LLP itself admits that "[t]he discovery rules are not intended as a broad license to mount serial fishing expeditions," (Docket 98 at 3) (citing Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 59 (1st Cir. 2006)), and the Supreme Court acknowledges a serious limitation of the after-acquired evidence doctrine: an employer might "undertake extensive discovery into an

employee's background or performance on the job to resist claims . . . ." McKennon, 513 U.S. at 362-63.  The Court regards the defendants' scrutiny of plaintiff's individual tax returns and subsequent request to announce a tax law expert as precisely the type of suspect "fishing expedition" against which courts caution. Defendants admit that their intent "is for the expert to explain that, in light of her preparation and her expertise, her conduct as it relates to her tax returns violates the[] codes which regulate[] her profession."  Given that the defendants have not named any alleged misconduct that occurred on the job, or any employment policy indicating that an employee's individual tax return preparation and submission are relevant to or somehow affect his or her job security at Deloitte, the need for an expert witness appears tenuous at best. At this time, therefore, the Court **DENIES** defendants' motion to announce an expert witness, (Docket 146).

### III. MOTION TO ADMIT

On May 31, 2013, plaintiff served individual requests for admission to defendants Deloitte Tax LLP, Deloitte Services LP, Deloitte & Touche LLP, and Francisco Castillo.  The parties conferred to discuss defendants' objections to the requests and agreed to stay the running of the 30-day period to respond until July 2, 2013.  (Docket 184.)  On July 2, 2013, plaintiff served Deloitte Tax LLP with a revised request for admission.  She did not amend or withdraw her requests to the other defendants.  All

Civil No. 12-1271 (FAB)                                           16

defendants filed a joint motion for protective order on July 17, 2013, (Docket 134), and the Court denied the motion on July 26, 2013, (Docket 180).  Both parties acknowledge that as of the date of this Memorandum and Order, none of the defendants has answered plaintiffs' requests for admission.  (Docket 184 & 185.)  Claiming that the allotted 30-day period to submit defendants' answers pursuant to Fed. R. Civ. P. 36 ("Rule 36") has expired, plaintiff moves for the Court to deem admitted all matters included in the requests.  (Docket 184.)

Rule 36(a)(1) states that "[a] party may serve on any other party a written request to admit . . . the truth of any matters[sic] within the scope of Rule 26(b)(1) . . . ."  A party may respond to the request for admission by serving upon the requesting party a written answer or objection within 30 days after being served.  Fed. R. Civ. P. 36(a)(3).  If the party fails to submit answers or objections within that time, the matter is deemed admitted.  Id.

Defendants claim that by filing their motion for a protective order on July 17, 2013, they tolled the original 30-day period to answer plaintiff's requests to admit.  (Docket 185.)  They point out that the Court "did not set forth a deadline to provide the responses to the requests for admission" in the July 26, 2013 Order.  Id. at 2.  "Absent a specific order from this Court regarding the time to respond . . . and having successfully tolled

Civil No. 12-1271 (FAB)                                             17

the original 30-day period," the defendants argue, "[the] said period began to run again from day 1 on the date that this Court denied defendants' [m]otion for [p]rotective [o]rder." Id. The defendants cite no legal authority for their contention.

Although pursuant to Rule 36(a)(3) the Court *could* have ordered the parties to respond in a shorter or longer time, it did not.[6] In the Court's own independent review of legal authority, however, it found at least one case in which a court awarded defendants a fresh 30-day period to answer requests to admit after the court denied the defendants' motion for a protective order. See Duncan v. Santaniello, 1996 U.S. Dist. LEXIS 3860 at *8 (D. Mass. 1996) ("Defendants shall have an additional thirty days from the date hereof to respond to Plaintiff's requests, if they so wish.").[7] Given that defendants claim to be "diligently working on the responses . . . and will timely provide the same to plaintiff with[in] the 30-day period" — which it believes to be August 26, 2013 — the Court **GRANTS** all defendants until 5:00 p.m. on August 26, 2013 to file their responses to plaintiff's requests.

---

[6] Caution and common sense thus should have led defendants to the conclusion that only 15 days remained to respond to plaintiff's requests. Instead, defendants assumed — without any kind of legal authority to support their assumption — that they were automatically entitled to an entirely new period of 30 days. The Court warns the defendants against further engaging in any such bold presumptions.

[7] A legal treatise also provides that objecting "discharges the duty to respond." 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 36.

Civil No. 12-1271 (FAB)                                                    18

Defendants are **ORDERED** to comply fully with Rule 36(a)(4) by only admitting or denying each matter, as separately stated.  Having considered defendants' motion for a protective order as an "objection" pursuant to Rule 36(a)(5) that complied with Rule 36(a)(3), the Court will not allow any further objection.

**IV. CONCLUSION**

Plaintiff's motion for reconsideration, (Docket 151), is **DENIED IN PART AND GRANTED IN PART**.  The Court **DENIES** plaintiff's requests no. 1, 5, 6, 8, and 10, and **GRANTS** plaintiff's requests no. 3 and 14.  Sanctions against plaintiff regarding her requests no. 3 and 14 are **VACATED**.  Defendants' motion to strike plaintiff's reply, (Docket 183), is **DENIED**.  Defendants' motion to announce an expert witness, (Docket 146), is **DENIED** at this time.  Plaintiff's motion requesting an order to deem admitted all matters included in her requests for admissions, (Docket 184), is **DENIED**.  The Court **GRANTS** all defendants until **5:00 p.m. on August 26, 2013** to either admit or deny plaintiff's requests for admissions.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 23, 2013.

<u>s/ FRANCISCO A. BESOSA</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE