IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WANDA G. MIRANDA,<br><br>**Plaintiff**,<br><br>v.<br><br>DELOITTE LLP, DELOITTE TAX LLP, DELOITTE & TOUCHE LLP, DELOITTE SERVICES LLP, FRANCISCO A. CASTILLO-PENNE, RICARDO VILLATE-PRIETO, MICHELLE CORRETJER-CATALAN, JOHN DOE, RICHARD DOE, ABC, DEF INSURANCE COMPANIES,<br><br>**Defendants**. | CIVIL NO. 12-1271 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

On November 5, 2013, the Court entered an Opinion and Order that dismissed plaintiff's sex discrimination claims pursuant to Title VII and Commonwealth Laws 100, 17, and 69; dismissed plaintiff's ADEA and Title VII age discrimination claims; granted two motions *in limine*; and denied summary judgment of plaintiff's retaliation claims pursuant to both Title VII and Puerto Rico law. On November 26, 2013, plaintiff filed a motion for reconsideration, (Docket No. 351), and the next day defendants filed their own motion for reconsideration, (Docket No. 352). For the reasons discussed below, the Court **GRANTS IN PART AND DENIES IN PART** plaintiff's motion and **DENIES** defendants' motion.

Civil No. 12-1271 (FAB)                                                    2

## I.  Standard

"A motion for reconsideration is treated as a motion under Rule 59(e) of the Federal Rules of Civil Procedure." Rosario Rivera v. PS Group of P.R., Inc., 186 F. Supp. 2d 63, 65 (D.P.R. 2002).  Pursuant to Rule 59(e), "the moving party 'must either clearly establish a manifest error of law or must present newly discovered evidence'" in order to prevail. Markel Am. Ins. Co. v. Diaz-Santiago, 674 F.3d 21, 32 (1st Cir. 2012) (quoting F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)); see also Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n. 2 (1st Cir. 2005) (recognizing that four reasons for granting a Rule 59(e) motion are:  "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law.") (internal citation omitted)).  It is inappropriate to use a Rule 59(e) motion "to repeat old arguments previously considered and rejected." Hoffman v. Mercado, 2006 U.S. Dist. LEXIS 18591, 2006 WL 940682, at *1 (D.P.R. 2006) (quoting Nat'l. Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990)).  It is also inappropriate to raise new arguments, "if such arguments 'could, and should, have been made before judgment issued.'" Markel Am. Ins. Co., 674 F.3d at 32 (quoting ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008)).

## II. Plaintiff's Motion for Reconsideration

### A. Retaliation Claims

Plaintiff first seeks clarification of the Court's conclusion that plaintiff's Title VII retaliation and Law 80 Commonwealth wrongful termination claim "remain." (See Docket No. 348 at p. 35.) Having dismissed plaintiff's Title VII sex and age discrimination claims, and noting that her Commonwealth claims hinge upon the success of her Title VII claims, the Court necessarily dismissed plaintiff's sex and age discrimination claims pursuant to Law 100, sexual harassment claim pursuant to Law 17, and sex discrimination claim pursuant to Law 69. Id. at 31. It did not, however, dismiss any **retaliation** claims — either under Title VII or Puerto Rico law. (See Docket No. 348 at pp. 21 & 35.) Because the Court did not grant summary judgment on any retaliation claims, plaintiff's retaliation claims pursuant to Laws 17 and 69 indeed remain, along with her Law 80 and Title VII claims.

### B. Title VII Sex Discrimination Claim

#### 1. Grounds for Reconsideration

Plaintiff seeks reconsideration of the Court's dismissal of her Title VII hostile work environment sex discrimination claim. In order to prevail on a hostile work environment sexual harassment claim, a plaintiff must establish: (1) membership in a protected class; (2) some basis for employer liability; and (3) unwelcome sexual harassment, which (a) was based

Civil No. 12-1271 (FAB)                                                   4

on sex, (b) was objectively and subjectively offensive, and (c) was sufficiently severe or pervasive.  <u>Id.</u>  Plaintiff Miranda takes issue with the Court's analysis of the "severe or pervasive" element and its finding that summary judgment was warranted because no evidence of an alteration of her work conditions occurred. (Docket No. 351 at p. 4.)

Plaintiff's first argument that the Court granted summary judgment *sua sponte* is disingenuous.  Defendants directly challenged the "severe or pervasive" element of plaintiff's claim in their motion for summary judgment.[1]  (Docket No. 226 at pp. 10-13.)  Given that Title VII does not cover *all* harassing conduct and the alleged sexual harassment "must be **sufficiently severe or pervasive to alter the conditions of the victim's employment** and create an abusive working environment" in order to be actionable, <u>Vera</u>, 622 F.3d at 26 (internal punctuation and citation omitted), the Court properly considered the sufficiency of the evidence as to the consideration of altered employment conditions.  See <u>Gerard v. Univ. of P.R.</u>, 707 F.3d 7, 18-19 (1st Cir. 2013) (analyzing the "question [of] whether the three incidents interfered with [plaintiff's] work performance" in deciding the "severe or pervasive" element).  In light of the First

---

[1] As discussed below, plaintiff had a duty pursuant to the Federal Rules of Civil Procedure as well as the District Court of Puerto Rico's local rules to present evidence to rebut defendants' argument.

Circuit Court of Appeals' analysis in <u>Gerald</u>, however, the Court acknowledges the impropriety of automatically dismissing a hostile work environment claim simply because one factor relevant to the "severe or pervasive" element is lacking.  It thus now turns to a comprehensive view of the factors to determine whether plaintiff's claim can indeed survive summary judgment.

### 2.   **A Word of Caution to the Plaintiff**

Before engaging in its analysis, the Court reminds plaintiff Miranda of the well-settled principles that "a party opposing summary judgment must 'present definite, competent evidence to rebut the motion,'" <u>Maldonado-Denis v. Castillo-Rodriguez</u>, 23 F.3d 576, 581 (1st Cir. 1994) (internal citation omitted), and risks waiver when submitting "woefully undeveloped" arguments.  <u>McDonough v. Donahoe</u>, 673 F.3d 41, 49 n.14 (1st Cir. 2012).  Plaintiff engaged in absolutely no legal analysis when applying the "severe or pervasive" standard to the facts of her case in her response to defendants' motion for summary judgment.  Instead, she merely listed alleged factual occurrences and generally cited **689 pages** of exhibits to support those factual contentions.  (<u>See</u> Docket Nos. 294-300.)  The only place where plaintiff arguably even addressed the "severe or pervasive" element was in her own motion for partial summary adjudication, where she merely recited the legal standard numerous times and stated:

> In the case at bar, Mrs. Miranda has established the six elements necessary to show that Mr. Castillo's action created a hostile work environment for Mrs. Miranda: . . . . (4) The harassment was severe and pervasive (SUF 267-292) . . . . Mr. Castillo did not stop making jokes of sexual nature, humiliating Mrs. Miranda, and excessively disciplining and threatening her with the assistance of Mrs. Corretjer. (See Exhibit 42 to the SUF.) . . . . Her termination was wrong, illegal and abusive. (See SUF 329-331).

(Docket No. 248 at pp. 6, 9-12.)  Plaintiff has done nothing more than "mention a possible argument in the most skeletal way, leaving the Court to do counsel's work, create the ossature for the argument, and put flesh on its bones." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).  Despite plaintiff's woefully undeveloped argument,[2] the Court in its opinion engaged the "severe or pervasive" element in order to analyze defendants' request for

---

[2] In a last-ditch effort, plaintiff now dedicates ten pages of her motion to "discussing the evidence" supporting the "severe or pervasive" factor that plaintiff's conditions of employment were altered. (See Docket No. 351 at pp. 12-22.)  Given defendants' challenge to the "severe or pervasive" element in their motion for summary judgment, it is inappropriate for plaintiff now to advance that argument, which "could, and should, have been made" in her response. See Markel Am. Ins. Co., 674 F.3d at 32 (quoting ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008)). The Court was under no obligation to search or consider any part of the record not specifically referenced in the parties' statement of facts, and it declines to consider evidence offered for the first time in plaintiff's motion for reconsideration. See Local Rule 56(e).

Civil No. 12-1271 (FAB)                                                    7

summary judgment of the sexual harassment claim.[3]  Accordingly, it reviews that analysis for manifest error of law and concludes that plaintiff's hostile work environment sexual harassment claim indeed survives summary judgment.

### 3.    Sufficiency of "Severe or Pervasive" Evidence

"There is no mathematically precise test to determine whether a plaintiff presented sufficient evidence that he or she was subjected to a severely or pervasively hostile work environment."  Pomales v. Celulares Telefonica, Inc., 447 F.3d 79, 83 (1st Cir. 2006) (internal punctuation and citation omitted).  A Court must consider all the circumstances, including (1) the frequency of the harassing conduct, (2) its severity, (3) whether it was physically threatening or humiliating as opposed to a mere offensive utterance, (4) whether it unreasonably interfered with an employee's work performance, and (5) the effect of the conduct on the employee's psychological well-being.  Vera, 622 F.3d at 26. The First Circuit Court of Appeals has noted that no single

---

[3] Given the range of defendant Castillo's sexual jokes and physical gestures, the Court initially found that it would be beyond the Court's "policing" power to determine whether Castillo's behavior was in fact severe or pervasive enough to meet Title VII's standard.  (Docket No. 348 at p. 14 n.4.)  It dismissed the claim, however, for a lack of evidence regarding how defendant Castillo's behavior affected plaintiff's work conditions.  The Court now evaluates and balances the "severe or pervasive" factors described in Gerald as a whole and concludes that a triable issue of material fact exists.

Civil No. 12-1271 (FAB)                                                        8

consideration pertaining to the "severe or pervasive" inquiry is individually determinative.  Gerald, 707 F.3d at 18.

Taking the evidence in the light most favorable to plaintiff Miranda, a reasonable jury could determine that defendant Castillo's actions were "severe or pervasive."  First, evidence of frequent harassing conduct exists in the record.  Plaintiff alleges that defendant Castillo "constantly" made lewd jokes, (Docket No. 235-1 at pp. 21-22), and she offers details of three separate incidents: the "wichu" joke, the "handyman" joke, and the "flu shot" incident.  (See Docket Nos. 225-3 at pp. 55-58; 235-1; 243-3.)  Even "[a] single act of harassment may, if egregious enough, suffice to evince a hostile work environment."  Gerald, 707 F.3d at 18.  As the Court noted in its opinion, defendant Castillo's off-colored sexual jokes and gestures at the very least constitute offensive and inappropriate conduct that also easily qualifies as egregious in Deloitte's professional environment.  Second, although defendant Castillo's behavior does not appear to have risen to the level of physical grabbing or sexual propositioning, it consists of lewd sexual jokes, remarks, and gestures, which are "often the stuff of hostile work environment claims."  See Billings v. Town of Grafton, 515 F.3d 39, 48 (1st Cir. 2008).  Third, defendant Castillo's behavior in the flu shot incident — although not physically threatening — easily rises to a physically humiliating level.  Interpreting in the light most favorable to plaintiff

Civil No. 12-1271 (FAB)                                                  9

defendant Castillo's body language of separating his legs, reclining over the back of a chair, lifting his buttocks, and pretending to pull down his pants, (Docket No. 243-3), the Court finds sufficient evidence that defendant Castillo's behavior was physically humiliating.

The question most concerning to the Court was the lack of evidence as to how defendant Castillo's conduct unreasonably interfered with plaintiff's work performance — the fourth factor in a "severe or pervasive" analysis. In its opinion, the Court found the dearth of evidence of this factor to be necessarily fatal to plaintiff's claim.  A closer reading of Gerald, however, demonstrates that such a conclusion is not consistent with First Circuit Court of Appeals precedent, because a plaintiff's claim may survive summary judgment without evidence of the fourth factor.  Like in Gerald, plaintiff Miranda "for her part, does not give us much more as to how the incidents affected her work performance."  707 F.3d at 19.  Neither plaintiff's complaint in this lawsuit nor her formalized sexual harassment complaint, for example, reference an inability to work effectively

Civil No. 12-1271 (FAB)                                                    10

or an otherwise negative effect on her work productivity.[4]  (See Docket Nos. 1 & 243-3.)  Plaintiff also presented limited evidence at her deposition regarding the effect of defendant Castillo's conduct on her psychological well-being, claiming only that defendant Castillo intimidated, humiliated, and embarrassed her, (Docket No. 230-1 at p. 32); made her blush, (Docket Nos. 225-3 at p. 29; 235-1 at p. 18); and made her uncomfortable, (Docket Nos. 225-3 at pp. 30–32; 235-1 at p. 14).

A plaintiff's ability to get work done despite an employer's actions, however, does not automatically preclude a hostile work environment claim in the First Circuit.  Gerald, 707 F.3d at 18.  Even when a plaintiff seeks psychiatric counseling for resulting depression and "no evidence" demonstrates that her work performance has suffered, the First Circuit Court of Appeals has indicated that "in the end, subject to some policing on our part, it is for the jury to decide whether the harassment was of a kind or to a degree that a reasonable person would have felt that it affected the conditions of her employment."  Id. at 19 (internal punctuation and citation omitted).  Although plaintiff did not give

---

[4] To the contrary, plaintiff repeatedly emphasizes that her work performance was satisfactory.  As the Court noted in its opinion, "To establish that she was indeed meeting Deloitte Tax's legitimate expectations at the time of her dismissal, plaintiff points to her 17-year career beginning at Deloitte & Touche in 1990; relies on her position as the manager chosen to complete the tax preparations of the San Juan office's partners in 2010; and presents her personnel file . . . ."  (Docket No. 348 at p. 6.)

Civil No. 12-1271 (FAB)                                               11

the Court "much to go on" as to the effects of defendant Castillo's behavior on her work performance or psychological well-being, policing is not warranted here because of sufficient evidence as to the other "severe or pervasive" factors.  See Gerald, 707 F.3d at 19.  Accordingly, the Court turns to the objective and subjective offensiveness of defendant Castillo's conduct in order to complete its hostile work environment analysis.[5]

### 4.  Sufficiency of the Evidence Regarding Objectively and Subjectively Offensive Conduct

The final inquiry is whether defendant Castillo's conduct was both objectively and subjectively offensive.  "Said another way, would a reasonable person find the conduct hostile and abusive and did the complainant in fact perceive it to be so." Gerald, 707 F.3d at 19.  Plaintiff has offered adequate evidence of subjective offense:  as recited above, defendants' behavior made her feel intimidated, humiliated, embarrassed, and uncomfortable. Reiterating its position that "defendant Castillo's off-colored sexual jokes and gestures constitute offensive and reprehensible conduct that is inappropriate at any place of employment," (Docket No. 348 at p. 13), the Court finds the alleged conduct to fall sufficiently within the realm of what a reasonable person might

---

[5] Because the Court found in its opinion that plaintiff had failed to meet the severe or pervasive element, it declined to address the last element of a Title VII claim — whether the behavior complained of was objectively and subjectively offensive. (Docket No. 348 at p. 15 n. 5.)

Civil No. 12-1271 (FAB)                                                      12

find offensive.  Because plaintiff offers enough evidence on this element, therefore, her sexual harassment hostile work environment claim pursuant to Title VII withstands summary judgment.  Accordingly, plaintiff's sex discrimination claims pursuant to Title VII and Commonwealth Laws 100, 17, and 69 are **REINSTATED**.

### C. Motions *in Limine*

Finally, plaintiff seeks reconsideration of the Court's decision to grant two motions *in limine* regarding the inadmissibility of two witnesses' testimony.  Ms. Silva and Ms. Soto-Salicrup's statements, however, are irrelevant to plaintiff's Title VII and Commonwealth sexual harassment claims as well as to her retaliation claims.  (See Docket No. 348 at p. 33.) Both Ms. Silva and Ms. Soto left their employment with the Deloitte entities well before[6] the events giving rise to plaintiff's sex discrimination claim for sexual harassment.  The relevant time at issue for plaintiff's sexual harassment claims does not include any periods before August 2009, let alone before February 1992.  The Court agrees with the defendants that Ms. Silva's and Ms. Soto's testimony is irrelevant to the sexual harassment plaintiff allegedly suffered, and that it is also inadmissible as "pattern or

---

[6] Ms. Soto left her employment in February 1992, and Ms. Soto ended her employment in August 2009.

Civil No. 12-1271 (FAB)                                                      13

practice" evidence.[7]  Moreover, the question in an individual sexual harassment claim like plaintiff's is whether the conduct in question created a hostile work environment *for the individual*, not whether the harassment was "pervasive" throughout the workplace or part of a "pattern" of discrimination by the defendant.  See Marquis v. Tecumseh Prods. Co., 206 F.R.D. 132, 158 (E.D. Mich. 2002).  Accordingly, the testimonies of Ms. Soto and Ms. Silva are irrelevant to plaintiff's sex discrimination claims, and plaintiff's motion to reconsider the granting of defendants' motions *in limine* is **DENIED**.

**IV. Defendants' Motion for Reconsideration**

Defendants argue that plaintiff's retaliation claim must be dismissed because the Supreme Court in University of Texas S.W. Med. Ctr. v. Nassar, 133 S.Ct. 2517 (2013) officially adopted the stringent "but-for" causation standard for Title VII retaliation claims.  Defendants reiterate their argument that plaintiff has the burden of proving that "but for" her filing of the internal sexual harassment complaint on October 6, 2010, she would not have been subject to the alleged adverse employment actions.  (Docket No. 352

---

[7] As this Court has noted, "The Supreme Court has yet to extend the pattern or practice approach to private, non-class suits.  However, because of its particular nature we find application of this evidentiary method to actions brought by individual plaintiffs seeking personal relief in individual claims of disparate treatment unsuitable."  Velez v. Marriott PR Mgmt., 590 F. Supp. 2d 235, 244-45 (D.P.R. Dec. 22, 2008) (Acosta, J.) (citing extensive authority supporting that conclusion).

Civil No. 12-1271 (FAB)                                              14

at p. 4.)  Although the Court agrees with defendants' recitation of the proper causation standard, it remains unpersuaded that the facts "clearly show" that plaintiff's October 2010 complaint was not the *but-for* cause of her alleged adverse employment actions. The Court explicitly rejected that argument in defendants' motion for summary judgment,[8] (see Docket No. 226 at p. 26), due to the clear issues of material fact "regarding whether plaintiff experienced an adverse employment action because she filed a sexual harassment complaint." (Docket No. 348 at p. 20.) In other words, the Court found that sufficient evidence exists to create a triable issue of fact as to whether plaintiff's October 2010 complaint was the "but-for" cause of the alleged adverse employment actions. Similarly, questions of material fact exist as to whether the employer's stated nondiscriminatory reason is a pretext. Id. at 20-21. Once again, that plaintiff received an employment rating of "4" in May 2010 does not conclusively rule out the possibility that her October 2010 complaint was the "but-for" cause of her subsequent negative reviews and termination. Id. at 20.

---

[8] Consequently, defendants inappropriately use their motion for reconsideration "to repeat old arguments previously considered and rejected" by the Court. Nat'l. Metal Finishing Co., 899 F.2d at 123. Defendants have also failed to meet Rule 59(e)'s requirement of either clearly establishing a manifest error of law or presenting newly discovered evidence in order to prevail in their motion for reconsideration. See Markel Am. Ins. Co. v. Diaz-Santiago, 674 F.3d 21, 32 (1st Cir. 2012). On those grounds alone, their motion for reconsideration is **DENIED**.

Civil No. 12-1271 (FAB)                                                    15

Accordingly, summary judgment is not appropriate, and defendants' motion for reconsideration is **DENIED**.

## V.   Conclusion

Plaintiff's motion for reconsideration, (Docket No. 351), is **GRANTED IN PART AND DENIED IN PART**.  The Court's dismissal of plaintiff's sex discrimination claims in its opinion, (Docket No. 384), is **VACATED**.  Plaintiff may proceed on hostile work environment sexual harassment claims pursuant to Title VII and Commonwealth Laws 100, 69, and 17 at trial.  Plaintiff's requests that the Court reconsider its dismissal of her ADEA claims and its granting of defendants' motions *in limine* are **DENIED**.  Defendant's motion for reconsideration, (Docket No. 352), is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 5, 2013.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE